### In the Matter of OID'S CRANE SERVICE, INC., Debtor.

### OID'S CRANE SERVICE, INC., Plaintiff,

### v.

### Thomas F. WOODS and Power Equipment Leasing Co., Inc., Defendants.

Bankruptcy No. 82–449.
Adv. No. 82–296.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 20, 1982.

Hugh C. Ferrell, Sarasota, Fla., for plaintiff.

Thomas F. Woods, Tallahassee, Fla., defendant pro se.

Richard A. Nielsen, Tampa, Fla., for Power Equipment Leasing.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, MEMORANDUM OPINION AND FINAL JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an adversary proceeding and the matter under consideration is a Complaint seeking to recover funds allegedly belonging to Oid's Crane Service, Inc. (the Debtor), and a Counterclaim and Crossclaim for Declaratory Judgment filed by Power Equipment Leasing Co., Inc. (Power Equipment).

The facts relevant and germane to the resolution of this controversy are without serious dispute and may be summarized as follows:

On July 1, 1980, Power Equipment and the Debtor entered into a written Equipment Lease Agreement (the Agreement) whereby Power Equipment agreed to lease to Oid's a used Linia Truck Crane Model 550TC. The Agreement required Oid's to insure the crane, to name Power Equipment the loss payee on the insurance and to repair any damage to the crane. Accordingly, the Debtor insured the crane with Maine Office of America Corp. (MOAC) and Fidelity Casualty Co. of New York (Fidelity). In November of 1980, the crane was involved in an accident and the boom and jib were damaged. Within the month, the Debtor repaired the crane at its own expense and continued to use it until April of 1982. The Debtor demanded reimbursement of the cost of repair from the insurors, but they refused.

Defendant Thomas F. Woods (Woods) was retained by the Debtor to bring suit against the insuror which suit was brought, in due course, in the Circuit Court in and for Hillsborough County, Florida. Power Equipment was not involved in that suit. The suit was ultimately settled in February of 1982, and as a result of the settlement, Woods received a check from the insurors in the amount of $60,000. The check was made payable to the Debtor, Power Equipment and Woods jointly. The check was endorsed by all parties and placed in Woods' escrow account from which Woods deducted $16,935.73 for agreed attorney's fees and costs. A dispute arose between the Debtor and Power Equipment as to who was entitled to the remaining funds and Woods declined to disburse any funds until the parties reached an agreement or obtained a court order directing disbursement of the funds.

On March 12, 1982, the Debtor filed a Petition for Relief under Chapter 11 of the

Bankruptcy Code and then on April 28, 1982, instituted this adversary proceeding to recover the settlement funds. Originally, the sole Defendant was Woods. However, a Motion to Intervene filed by Power Equipment was granted whereupon Power Equipment became a party Defendant and filed its Counterclaim and Crossclaim against the Debtor and Woods. By order of the Court, the funds have been transferred to an escrow account of Joseph C. Farrell, attorney for the Debtor.

It further appears that the lease for the crane was terminated in April of 1982 due to the Debtor's default in lease payments. Although use of the crane was discontinued at that time, it remained at the Debtor's premises until July when it was moved to another location unassociated with the Debtor for storage. The crane was ultimately sold by Power Equipment in October.

The Debtor contends that it is entitled to the remaining balance of the settlement funds. Power Equipment contends that it is entitled to the insurance proceeds by virtue of a provision in the Equipment Lease Agreement as a coinsured under the policy. Power Equipment asserts that the crane was never restored to its original condition and does not have the same value it had prior to the accident. In addition, Power Equipment contends that parts were missing from the crane when Power Equipment took possession of the crane. Basically, these are the facts relevant and germane to the resolution of the matter under consideration.

The provision of the lease on which Power Equipment bases its claim states that:

18. Lessee shall, during the term of this lease . . .

(2) Insure said equipment in the amount of value against loss or damage by fire, flood, explosion, theft and such other risks as Lessor may require, including collision.

All insurance, as above provided, shall contain a loss payable clause in the name and for the benefit of Lessor . . .

Endorsement No. 3 to the Debtor's insurance policy stated that any loss under the policy shall be payable to the insured and the loss payee scheduled opposite each item on the scheduled of property, "as their respective interests may appear." Endorsement No. 6 added Power Equipment as a loss payee for the coverage on the crane and again stated "as their interests may appear."

The burden of proof in this instance was on Power Equipment to prove that it is entitled to settlement proceeds. The provisions of the lease and the insurance policy do not grant to Power Equipment an absolute right to receive the monies and Power Equipment has failed to carry its burden of proof that it is entitled to the funds on any basis or ground. There is evidence that the Debtor expressed to Power Equipment an intention to use the proceeds to pay arrearages in rent due on the crane. However, this does not give Power Equipment an enforceable claim to those funds. In addition, the Debtor retained possession and continued to use the equipment after the accident, and Power Equipment did not make a claim for the proceeds but endorsed the check upon Woods' request, allowing it to be cashed. Although Power Equipment contends that the crane was missing parts when it was returned, the record does not establish that those parts were missing prior to the termination of the lease nor that the parts were missing due to actions by the Debtor. Furthermore, although there is evidence that the crane may have diminished in value, the evidence is not conclusive that the diminution in value was due to the accident of November, 1980 or that the crane has suffered irreparable damage. To allow Power Equipment to recover the proceeds at this point would essentially allow double recovery in view of the fact that Power Equipment has since repossessed and sold the crane, and in view of the fact that the Debtor was the party that paid for all repairs to the crane.

In light of the foregoing, the Court is satisfied that the Debtor is entitled to the insurance funds.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that judgment be, and the same hereby is, entered in favor of the Debtor and against the Defendants without prejudice to Power Equipment to file a Proof of Claim. It is further

ORDERED, ADJUDGED AND DE-CREED that Joseph C. Farrell be, and the same hereby is, directed to disburse the escrowed monies in the amount of $43,-064.27 to the Debtor.